**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PHILLIP ROSENBLUM, | ) | NO. ED CV 18-1430-JVS(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| MARTIN BITER, | ) | |
| Respondent. | ) | |
| _____ | ) | |

On July 5, 2018, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody." The Petition challenges the criminal judgment in San Bernardino Superior Court case number FCH-05652 (Petition at 2). Petitioner previously challenged this same judgment in a prior habeas corpus petition filed in this Court. See Rosenblum v. Yates, CV 08-261-JVS(E). On January 13, 2009, this Court entered Judgment in Rosenblum v. Yates, CV 08-261-JVS(E), denying and dismissing the prior petition on the merits with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and

Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the court of appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157.[2]

///
///
///
///

---

[1] The docket for the United States Court of Appeals for the Ninth Circuit available on www.pacer.gov., does not reflect that anyone named Phillip Rosenblum has received authorization to file a second or successive petition. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

[2] This Court previously denied as "second or successive" a 2011 petition in which Petitioner attempted to challenge the same San Bernardino Superior Court criminal judgment. See Rosenblum v. Harrington, No. ED CV 11-793-JVS(E).

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 9, 2018

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

PRESENTED this 9th day of
July, 2018, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] Ninth Circuit Rule 22-3(a) provides that "if a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Assuming arguendo that the conflict between 28 U.S.C. section 2244(b) and Rule 22-3(a) does not invalidate the latter, dismissal rather than "reference" still would be appropriate herein. It is apparent that Petitioner submitted the present Petition to this Court intentionally rather than mistakenly.

2